UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCISCO MENDOZA, on behalf of himself and all other similarly situated persons, known and unknown,

    Plaintiff,

v.

SCS-CHICAGO, L.L.C. d/b/a Le Colonial,

    Defendant.

## COMPLAINT AT LAW

Plaintiff, Francisco Mendoza ("Mendoza"), on behalf of himself and all other Plaintiffs similarly situated known and unknown, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint at Law, complains against Defendant SCS-Chicago, L.L.C. d/b/a Le Colonial ("SCS" or "Defendant"), as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL"), based upon Defendant's failure to pay at least the federal and state minimum wages and commensurate overtime rates due to Plaintiff and other similarly situated employees. Specifically, this matter arises as the result of the Defendant's unlawful and inappropriate "tip pooling" policy and its practice of distributing money from the tip pool to managers and/or supervisors. As a result of its knowing and deliberate unlawful tip pooling practices, Defendant is not entitled to take the "tip credit" against the minimum wage under the FLSA or IMWL.

**JURISDICTION AND VENUE**

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed at Defendant SCS-Chicago, LLC's restaurant, Le Colonial ("Restaurant"), which is located in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Mendoza was formerly employed by Defendant as a server and bartender from in or around September 2012 until August 2013. Throughout his employment, Mendoza was paid an hourly rate of $4.45, which was less than both the state and federal minimum wage. Mendoza resides in Chicago, Illinois.

5. Plaintiff, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "putative members of the Plaintiff Class"), are either present or past non-management tipped employees of the Restaurant who have not been paid and are due minimum wages and appropriate overtime compensation rates under the FLSA and IMWL. As to the claims under the FLSA, similarly situated employees may opt-in to this case to pursue claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Defendant SCS-Chicago, L.L.C. is a Delaware limited liability company that owns and/or operates Le Colonial restaurant in Chicago.

7. Le Colonial is located at 937 N Rush St, Chicago, IL 60611.

## FACTUAL ALLEGATIONS

8. Mendoza was employed by Defendant as a server and bartender.

9. Defendant pays servers, bartenders, and other non-management or supervisory tipped employees such as bussers and runners less than the state and federal minimum wage rates because such employees have traditionally relied upon gratuities for compensation.

10. SCS employed Plaintiff and the putative members of the Plaintiff Class at Le Colonial and had or has substantial control over those individuals' working conditions and the unlawful policies and practices alleged herein.

11. At the time of Plaintiff's employment, SCS required tipped employees to participate in a tip pool.

12. Subsequent to Plaintiff's employment, SCS has continued to require tipped employees to participate in a tip pool.

13. As part of the tip pool described above, at both the time of Plaintiff's employment and thereafter, tipped employees have been required to share their tips with employees who work in a managerial and/or supervisory position. Specifically, in the three years preceding the filing of this Complaint, various members of the management team including but not limited to Rafael Lopez, Antonio Carbaja, Jessica Engelhard, and Donna Moore have received disbursement of gratuities from the tip pool.

14. Members of the management team who were included in the tip pool had the authority to hire and fire employees, control employee schedules, and control the Defendant's operations within the Restaurant, and otherwise acted in the interest of the Defendant.

15. The inclusion of ineligible employees, such as managers and supervisors, in the tip pool invalidates said tip pool.

16. The inclusion of ineligible employees, such as managers and supervisors, in the tip pool has been continuous during the three years preceding the filing of this Complaint, and upon information and belief continues to the present day.

17. Defendant has not met the federal and state legal requirements to take a "tip credit" against the minimum wage for tipped employees.

18. Because Plaintiff and the putative members of the Plaintiff Class have been forced to participate in an invalid tip sharing arrangement, Defendant is not entitled to the tip credit and therefore Plaintiff and putative members of the Plaintiff Class are entitled to the difference between the hourly rate they received as compensation by Defendant and the greater of the federal or state minimum wage during the recoverable time period.

19. During the compensable period, Defendant was aware that members of management were ineligible to participate in the tip pool, however Defendant continued to require tipped employees to share their tips with members of management.

20. Defendant was aware of its obligation to pay employees minimum wage, and intentionally chose not to pay Mendoza or other members of the Plaintiff Class accordingly. Defendant acted in bad faith in failing to compensate Mendoza and other members of the Plaintiff class for the work they performed.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all putative members of the Plaintiff Class.

22. Plaintiff represents, and is a member of, the putative Class defined as follows:

"All persons within the state of Illinois who (1) were employed as non-management tipped employees for SCS-Chicago, L.L.C. d/b/a Le Colonial, (2) within the applicable statute of limitations prior to the filing of the original Complaint in this action, (3) who were paid at a rate less than the Illinois state

minimum wage rate, (4) who at any time were required to contribute to a tip sharing agreement, i.e., "tip pool," and (5) who, through that tip pool, were required to share tips with members of management and/or supervisory employees."

23. Plaintiff does not know with certainty the number of members in the Plaintiff Class at this time, but reasonably estimates that the Plaintiff Class includes over 50 individuals, drawn from over the statutory period. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

24. This action is brought as a class action under Fed. R. Civ. P. 23 because the Putative Class is so numerous that joinder of all class members is impracticable.

25. Plaintiff and members of the Plaintiff Class were harmed by acts of the Defendant in at least the following way: Defendant failed to compensate these individuals at the applicable federal minimum wage rates and commensurate overtime wage rates for all hours worked.

26. The Plaintiff Class members may be reluctant to raise individual claims for fear of retaliation, or for fear that bringing an individual claim against a former employer may hinder their ability to find new employment.

27. This class action suit seeks only damages and any other relief permitted under the IMWL. Plaintiff reserves the right to expand the Class definition as warranted, as facts are learned in further investigation and discovery.

28. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

29. Plaintiff, the Plaintiff Class, and Defendant have a commonality of interest in the subject matter and remedy sought.

30. Plaintiff is able to fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff has no interests antagonistic to those of the Plaintiff Class, and

Defendant has no defenses unique to Plaintiff.

31. Plaintiff's Counsel is competent and experienced in class and complex litigation.

32. If each affected member of the Plaintiff Class were required to bring individual actions, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Class, to the Court and to Defendant. Accordingly, a class action is not only appropriate, but the superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the law. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Plaintiff Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Plaintiff Class as a whole.

## COUNT I
## Violation of the Fair Labor Standards Act (Collective Action)

34. Paragraphs 1-20 are re-alleged and incorporated as though set forth fully herein.

35. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff, or by anyone for and on behalf of him/herself and other Plaintiffs similarly situated, who has been damaged by Defendant's failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.* Plaintiff Mendoza attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act. An English translation of the Notice in Exhibit A is attached as Exhibit B. See Affidavit of Mariela Cano, attached as Exhibit C.

36. All past and present employees of the restaurant employed as non-management tipped employees who were required to participate in the tip pool, including but not limited to servers, bartenders, bussers, and runners, are similarly situated to the named Plaintiff in that Defendant has applied the compensation policies, which violate the FLSA, on a company-wide

basis. All such individuals, including Mendoza, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and allve been and/or are presently being denied proper compensation as required by the FLSA.

37. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

38. In order to bring this cause of action, it has been necessary for Mendoza, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due to them with regard to back compensation.

39. Pursuant to 29 U.S.C. § 206, Mendoza and all other members of the Plaintiff Class, known and unknown, were entitled to receive at least the applicable federal minimum wage rate for all hours worked.

40. Defendant's failure to pay compensation to Mendoza and all other members of the Plaintiff Class, known and unknown, at the applicable federal minimum wage rate is a violation of the FLSA.

41. Pursuant to 29 U.S.C. § 207, for all weeks during which Mendoza and all other putative members of the Plaintiff Class, known and unknown, worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

42. Defendant's failure to pay compensation to Mendoza and all other members of the Plaintiff Class, known and unknown, at the applicable overtime rate for hours worked in excess of forty (40) per week is a violation of the FLSA.

43. Defendant knew its obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendant's failure to pay adequate minimum and overtime wages is a willful violation of the FLSA.

44. As a direct and proximate result thereof, there is due to Mendoza and other putative members of the Plaintiff Class back wages and liquidated damages, pursuant to the FLSA.

## COUNT II
### Violation of Illinois Minimum Wage Law (Class Action)

45. Paragraphs 1–33 are re-alleged and incorporated as though set forth fully herein.

46. The matters set forth in this Count arise from Defendant's violations of the minimum wage, 820 Ill, Comp. Stat. 105/4, and overtime compensation provisions of the IMWL, 820 Ill, Comp. Stat. 105/4(a).

47. Mendoza and the putative members of the Plaintiff Class were not paid minimum and overtime wages at the appropriate rate under the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*, during their employment with Defendant. Plaintiff brings this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

48. At all relevant times herein, the Restaurant has been an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

49. At all relevant times Mendoza and the putative members of the Plaintiff Class were employed by Defendant as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

50. Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Mendoza and putative members of the Plaintiff Class worked in excess of forty hours, they were entitled to be compensated at one and one-half times their hourly rate of pay for all excess hours.

51. Defendant failed to pay wages to Mendoza and all putative members of the Plaintiff Class for all hours worked in excess of forty (40) per work week, at the appropriate rate of at least one and one-half the state minimum wage rate.

52. Defendant violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by failing to adequately compensate Mendoza and the putative members of the Plaintiff Class at the appropriate overtime rate for all hours worked in excess of forty (40) hours per week.

53. Pursuant to 820 Ill. Comp. Stat. 105/4, Mendoza and the putative members of the Plaintiff Class were entitled to be compensated at the applicable State minimum wage rate for all hours worked.

54. Defendant's conduct in failing to pay Mendoza and the putative members of the Plaintiff Class the appropriate minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the IMWL.

55. Defendant knew its obligations under the IMWL, but deliberately chose not to heed them. Thus, Defendant's failure to pay adequate minimum and overtime wages is a willful violation of the IMWL

56. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Mendoza is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Mendoza respectfully requests this Court to enter an order as follows:

    a)     Permission for current and former non-management tipped employees employed by Defendant who were paid less than the federal minimum wage but required to share tips with management personnel to opt-in to this action, pursuant to §216(b) of the FLSA;

b) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4), and appointing Plaintiff as the Class Representative and his counsel as Class Counsel;

c) Entering an injunction precluding Defendant from violating the FLSA and IMWL as described herein;

d) Restitution for all wages lost by the Plaintiff and putative members of the Plaintiff Class as a result of Defendant's actions;

e) Restitution for the full minimum wage under the FLSA and IMWL;

f) Restitution for the appropriate overtime wages under the FLSA and IMWL;

g) Liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b);

h) Punitive damages under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/12(a);

i) Prejudgment interest with respect to the total amount of unpaid minimum and overtime wages and other compensation;

j) Reasonable attorneys' fees and costs incurred as a result of Defendant's violations; and

k) Such additional relief as the Court deems just and appropriate under the circumstances.

Dated: October 1, 2015                                  Respectfully submitted,

Alejandro Caffarelli, #06239078                         FRANCISCO MENDOZA, on behalf of
Lorrie T. Peeters, #06290434                            himself and all other similarly situated
Alexis D. Martin, #06309619                             persons, known and unknown,
Caffarelli & Associates Ltd.
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604                                 By: /s/ Alejandro Caffarelli
Tel. (312) 763-6880                                          Attorney for Plaintiff